Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> PLANETART, LLC, a Delaware corporation; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br> 1. COPYRIGHT INFRINGEMENT; <br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; <br> 3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202) <br><br> **JURY TRIAL DEMANDED** |

Dr. Elliot McGucken hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.    Dr. Elliot McGucken ("McGucken") is an individual currently residing in Los Angeles.

5.    Upon information and belief, McGucken alleges that Defendant PlanetArt, LLC doing business as "CanvasWorld" ("CanvasWorld") is a Delaware corporation doing business in and with this judicial district, through its location at 23801 Calabasas Road, Suite 2005, Calabasas, California 91302.

6.    Defendants Does 1 through 10, inclusive (collectively with PlanetArt "Defendants"), are other parties not yet identified who have infringed McGucken's copyrights, have contributed to the infringement of McGucken's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to McGucken, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.    McGucken is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was

at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages to McGucken proximately caused thereby.

**CLAIMS RELATED TO SUBJECT PHOTOGRAPHY**

8.      McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in The Smithsonian Magazine, The National Parks Magazine, and other fine arts publications. He has authored numerous books and won over 100 photographic awards.

9.      McGucken owns and created the original photography depicted below (the "Subject Photography"):

| **SUBJECT PHOTOGRAPHY** |
| --- |
| |





COMPLAINT





COMPLAINT





COMPLAINT







10.    McGucken complied in all respects with the Copyright Act, 17 U.S.C. § 101, et. seq., and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photography, which McGucken has registered with the United States Copyright Office.

11.    Prior to the acts complained of herein, McGucken widely publicly displayed and disseminated the Subject Photography, including on his personal website, "https://www.emcgucken.com/".

12.    McGucken is informed and believes and thereon alleges that following his publication and display of the Subject Photography, Defendants used the Subject Photography without McGucken's authorization for commercial purposes in various ways, including, but not limited to, reproducing the Subject Photography on the company's products and prints, and the sale of said products (the "Infringing Products"). True and correct screen captures of the Infringing Products is depicted below:

**INFRINGING PRODUCTS**

**URL: https://www.canvasworld.com/canvas-prints/beautiful-view-of-usa-ocean-malibu-i2161662809-s1**



**URL: https://www.canvasworld.com/canvas-prints/beautiful-view-of-iceland-mountains-rivers-waterfalls-sunrises-and-i237438415-s1**



COMPLAINT

**URL: https://www.canvasworld.com/canvas-prints/nature-landscape-mountains-and-i2063744246-s1**



**URL: https://www.canvasworld.com/canvas-prints/sky-sand-holiday-travel-nature-sea-i2352685393-s1**



COMPLAINT

**URL: https://www.canvasworld.com/canvas-prints/beautiful-grand-teton-national-i2330896911-s1**



**URL: https://www.canvasworld.com/canvas-prints/beautiful-view-of-usa-mountains-autumn-forests-scenery-colorado-i2382715633-s1**



COMPLAINT

**URL:** **https://www.canvasworld.com/canvas-prints/beautiful-view-of-usa-parks-sunrises-and-sunsets-joshua-tree-national-i2381716193-s1**



**URL:** **https://www.canvasworld.com/canvas-prints/beautiful-view-of-usa-parks-joshua-tree-national-park-trees-i2374508451-s1**



**URL: https://www.canvasworld.com/canvas-prints/spring-is-beautiful-especially-in-i1948660054-s1**



**URL: https://www.canvasworld.com/canvas-prints/early-autumn-reflections-i2432281775-s1?search_keywords=bigdisplay&option_id=38**

13. Upon information and belief, McGucken allege that Defendants, and each of them, had access to the Subject Photography, including through McGucken's numerous online profiles and features, publications and press featuring his work, his social media accounts, his numerous physical photography exhibitions, and/or through viewing the Subject Photography on third-party websites (e.g., Twitter, Instagram, Pinterest, internet search engines, etc.).

14. McGucken has not in any way authorized Defendants to exploit the Subject Photography.

15. On or around May 12, 2025, McGucken sent a letter to Defendants, demanding that it cease and desist all publication, display, or sale of the Subject Photography and the Infringing Products. Defendants have failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

16. McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. Upon information and belief, McGucken alleges that Defendants, and each of them, had access to the Subject Photography including, without limitation, through (a) viewing McGucken's website, as well as McGucken's online profiles, publications, and features; (b) access to illegally distributed copies of the Subject Photography by third-party vendors and/or Doe Defendants; and (c) products manufactured and sold to the public bearing products lawfully printed with the Subject Photography by McGucken for his customers.

18. Upon information and belief, McGucken alleges that one or more of the Defendants manufactures products and/or is a vendor. McGucken is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied products to said

retailers, which products infringed the Subject Photography in that said products featured unauthorized print design(s) that were identical or substantially similar to the Subject Photography or were illegal derivations or modifications thereof.

19. Upon information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Photography and by producing, distributing and/or selling products which infringe the Subject Photography through a network of retail stores, catalogues, and through on-line websites.

20. Due to Defendants' acts of infringement, McGucken has suffered substantial damages to its business in an amount to be established at trial.

21. Due to Defendants' acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photography. As such, McGucken is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of McGucken's rights in the Subject Photography in an amount to be established at trial.

23. McGucken is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, McGucken will make its election between actual damages and statutory damages.

COMPLAINT

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

24.    McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25.    Upon information and belief, McGucken alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Photography by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for the Infringing Products or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products. McGucken is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Products and thus knew, induced, caused, or materially contributed to the infringement of McGucken's rights as alleged herein. The true and complete extent to which Defendants were involved in a network of infringement with yet undiscovered Doe Defendants and/or direct infringers will be ascertained during discovery in this action.

26.    Upon information and belief, McGucken alleges that each of the retailer Defendants had written agreements with the Doe Defendants who are manufacturers such that each retailer Defendant had oversight and control over the sourcing of the Subject Photography affixed to the Infringing Product.

27.    McGucken is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

28.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29.     Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photography. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photography, in an amount to be established at trial.

30.     McGucken is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, McGucken will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Violation of 17 U.S.C. § 1202(a) and (b) - Against All Defendants)

31.     McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32.     The Subject Photography was routinely published with attribution information including McGucken's name, the title of the works, and the names of the books in which the Subject Photography appears, all of which identify McGucken as the author and owner of the Subject Photography and qualify as copyright management information.

33.     Upon information and belief, McGucken alleges that Defendants, and each of them, removed McGucken's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information ("CMI") to the Subject Photography, attributing it to another artist, seller, and/or source, before distributing and selling same.

34.     On information and belief, it is alleged that Defendants, and each of them, appended their own CMI to McGucken's Subject Photography, including that of individual vendors on the website, products bearing said photography, tags attached to products bearing said designs, web pages bearing said designs, and online content bearing said designs.

35.     On information and belief, it is alleged that Defendants, and each of their, addition of their CMI to any product, material, or content incorporating, in whole or in part, the Subject Photography was false because Defendants do not own any rights or license relevant to the Subject Photography.

36.     On information and belief, it is alleged that Defendants, and each of them, distributed product bearing false CMI, including without limitation, CMI indicating that they held rights in or a license relevant to the Subject Photography.

37.     On information and belief, Defendants, and each of them, removed McGucken's CMI from his work, and appended their false CMI to his work, and distributed false CMI knowingly, intentionally, and with an intent to conceal their own infringement and enable and facilitate their sale of infringing product.

38.     The above conduct violates 17 U.S.C. 1202(a) and (b) and McGucken resultantly seeks separate statutory damages awards for each violation as well as attorneys' fees any other damages resultant from the violations.

## **PRAYER FOR RELIEF**

WHEREFORE, McGucken prays for judgment as follows:

a.  That Defendants, their agents and employees be enjoined from infringing McGucken's copyrights in any manner, specifically those for the Subject Photography;

b.  That McGucken be awarded all profits of Defendants plus all losses of McGucken, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504, and/or 17 U.S.C. § 1203;

c.  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d.  That McGucken be awarded his attorneys' fees as available under the 17 U.S.C. § 1203;

e.  That Defendants, and each of them, account to McGucken for his profits and any damages sustained by McGucken arising from the foregoing acts of infringement;

f.  That McGucken be awarded pre-judgment interest as allowed by law;

g.  That McGucken be awarded the costs of this action; and

h.  That McGucken be awarded such further legal and equitable relief as the Court deems proper.

///

///

///

**JURY DEMAND**

McGucken demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 19, 2026                    Respectfully submitted,

`

                                   By:    /s/ *Scott Alan Burroughs*
                                          Scott Alan Burroughs, Esq.
                                          Trevor W. Barrett, Esq.
                                          Andres Navarro, Esq.
                                          DONIGER / BURROUGHS
                                          *Attorneys for the Plaintiff*

COMPLAINT